William R. Bennett, III (WB 1383)
Bennett, Giuliano, McDonnell & Perrone, LLP
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:   (646) 328-0120
Attorneys for PICCININNI, INC. and
PETER PICCININNI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DANIEL POLANCO,                                                      08 CIV 5028 (SHS) (RLE)

            Plaintiff,

  - against -                                                                                  **ANSWER**

PICCININNI, INC. AND PETER PICCININNI,

            Defendants.
-----------------------------------------------------------X

      Defendants, Piccininni, Inc. and Peter Piccininni, by and through its attorneys, Bennett, Giuliano, McDonnell & Perrone, LLP, as and for their Answer to the Verified Complaint of plaintiff, state:

      1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Verified Complaint.

      2.     Admit the allegations contained in paragraph 2 of the Verified Complaint.

      3.     Deny the allegations contained in paragraph 3 of the Verified Complaint except admit that the Defendant, Piccininni, Inc., is authorized to do business in the State of New York.

      4.     Admit the allegations contained in paragraph 4 of the Verified Complaint.

      5.     Admit the allegations contained in paragraph 5 of the Verified Complaint.

      6.     Admit the allegations contained in paragraph 6 of the Verified Complaint.

7. Deny the allegations contained in paragraph 7 of the Verified Complaint except admit that Defendant, Piccininni, Inc., was the owner of a motor boat named Daybreak III.

8. Deny each and every allegation contained in paragraph 8 of the Verified Complaint.

9. Deny each and every allegation contained in paragraph 9 of the Verified Complaint.

10. Deny each and every allegation contained in paragraph 10 of the Verified Complaint.

11. Deny each and every allegation contained in paragraph 11 of the Verified Complaint.

12. Deny each and every allegation contained in paragraph 12 of the Verified Complaint.

13. Deny each and every allegation contained in paragraph 13 of the Verified Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 14 of the Verified Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 15 of the Verified Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 16 of the Verified Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 17 of the Verified Complaint.

18. Deny each and every allegation contained in paragraph 18 of the Verified Complaint.

19. Deny each and every allegation contained in paragraph 19 of the Verified Complaint.

20. Deny each and every allegation contained in paragraph 20 of the Verified Complaint.

21. Deny each and every allegation contained in paragraph 21 of the Verified Complaint.

22. Deny each and every allegation contained in paragraph 22 of the Verified Complaint.

23. Deny each and every allegation contained in paragraph 23 of the Verified Complaint.

24. Deny each and every allegation contained in paragraph 24 of the Verified Complaint.

25. Deny each and every allegation contained in paragraph 25 of the Verified Complaint.

26. Deny each and every allegation contained in paragraph 26 of the Verified Complaint.

27. Deny each and every allegation contained in paragraph 27 of the Verified Complaint.

28. Deny each and every allegation contained in paragraph 28 of the Verified Complaint.

29. Deny each and every allegation contained in paragraph 29 of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

30. Upon information and belief, any damages sustained by the plaintiff herein were not caused by any negligence or carelessness on the part of the answering defendants, its servants, agents or employees, but were caused solely by the negligence and carelessness of the plaintiff and that such conduct requires diminution of any award, verdict or judgment that plaintiff may recover against the answering defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

31. Notwithstanding that the answering defendants has denied liability herein, in the event that liability is found, the liability of the answering defendants shall be fifty percent or less of the total liability assigned to all persons liable and pursuant to CPLR § 1601 et seq., the liability of the answering defendants for non-economic loss shall not exceed its equitable share determined accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32. That all risks and alleged dangers connected with the situation at the time and place mentioned in the Complaint were open, obvious and apparent and were known to and assumed by plaintiff herein.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

33. That upon information and belief, the injuries allegedly sustained by plaintiff were the result of the acts of another over whom defendants exercised no direction or control.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

34.     Pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 181-189, its supplements and amendments thereto, plaintiff's damages are limited to the value of the vessel at the time of the alleged incident described in the Verified Complaint.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

35.     To the extent the damages set forth in plaintiff's Complaint could have been wholly or in part avoided by reasonable effort of the plaintiff, its agents, servants and/or employees and without undue burden, risk or expense, said damages were the result of plaintiff's failure to mitigate and may not be recovered from defendants.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

36.     That upon information and belief, the injuries allegedly sustained by plaintiff were the result of superseding and/or intervening acts of negligence by persons over whom defendants had neither control nor the right of control.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

37.     The plaintiff failed to use, or misused the available, safe, and appropriate safety devices.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

38.     The plaintiff's own negligence was the sole proximate cause of his injuries.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

39.     Plaintiff's service of process upon defendants was defective, improper, and insufficient.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

40.     Process was insufficient.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

41. The plaintiff lacks personal jurisdiction over the defendants.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

42. The plaintiff has failed to state a claim upon which relief can be granted.

WHEREFORE, defendants Piccininni, Inc. and Peter Piccininni demand:

1. Judgment dismissing the Complaint; and,

2. The costs and disbursements of this action.

Dated: New York, New York
June 4, 2008

> Bennett, Giuliano, McDonnell & Perrone, LLP
>
> */s/ William R. Bennett*
> William R. Bennett, III
> Attorneys for Defendants PICCININNI, INC. and
> PETER PICCININNI
> 494 Eighth Avenue, 7th Floor
> New York, New York 10001
> Telephone:   (646) 328-0120
> Facsimile:   (646) 328-0121

6

**CERTIFICATE OF SERVICE**

     I, WILLIAM R. BENNETT, III, an attorney duly admitted to practice in the Courts of the State of New York and in this District, hereby certify that on June 4, 2008, I personally caused a copy of the foregoing ANSWER to be served on:

     Anthony J. Cugini, Jr.
     ANTHONY J. CUGINI, JR., ESQ., P.C.
     Attorneys for Plaintiff
     201 W. 91st Street
     New York, NY 10024
     Telephone: 212.580.6806

by depositing a true copy of same enclosed in a properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                                  _____
                                                  WILLIAM R. BENNETT, III

Z:\Documents\All Files\D829 Piccininni\Pleadings\Ansr 052908.docx