ANTHONY J. CUGINI, JR., ESQ. (AC2470)
ANTHONY J. CUGINI, JR., ESQ., P.C.
201 West 91st Street
New York, New York 10024
Telephone: (212) 580-6806
Attorney for Plaintiff
DANIEL POLANCO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---

DANIEL POLANCO,                                        08 CV5028 (SHS) (RLE)

        Plaintiff,

-against-
                                        AFFIRMATION IN
                                        SUPPORT OF
                                        MOTION TO REMAND
                                        ACTION

PICCININNI, INC. AND PETER PICCININNI,
        Defendants.
---

        Anthony J. Cugini, Jr., an attorney duly admitted to practice law before the United States District Court, Southern District of New York hereby affirms the following to be true under the penalties of perjury:

    1. I am the attorney for plaintiff Daniel Polanco and as such, am familiar with the facts and circumstances stated herein.

    2. I make this affirmation in support of the instant motion for an order:

        a. remanding the instant personal injury action to the Supreme Court of the State of New York, Bronx County, from which it was improperly removed;

        b. awarding plaintiff costs, disbursements and attorney's fees associated with the making of this motion; and

        c. granting such other and further relief as this Court may deem just and proper.

3. For the reasons and law set forth herein and in plaintiff's accompanying Brief, it is respectfully submitted that this case was improperly removed to this Court by defendants and should be remanded back to the Supreme Court of the State of New York, Bronx County because this Court lacks subject matter jurisdiction over the case as it is a Saving to Suitors clause case under 28 U.S.C.S. Sec. 1333(1), which was commenced as a state tort action, not as an admiralty claim, and cannot be removed to a federal district court absent diversity jurisdiction or an independent federal question. No diversity jurisdiction or independent federal question exists herein.

## THE PARTIES

4. At all times relevant herein, plaintiff was a resident of the Bronx, New York.

5. Plaintiff sustained serious personal injuries while fishing in the Long Island Sound off the coast of City Island, on a recreational motor boat owned and/or operated by defendants.

6. At all times relevant herein, defendant Piccininni, Inc., was a domestic corporation which owned and/or operated the subject motor boat.

7. At all times relevant herein, defendant Peter Piccininni was a resident of the Bronx, New York who owned and/or operated the subject motor boat.

8. As evidenced by the foregoing, there is no diversity of citizenship between the parties as all of the parties are residents of the State of New York.

## PROCEDURAL BACKGROUND

9. Plaintiff filed his personal injury action in the Supreme Court of the State of New York, Bronx County on April 2, 2008. A copy of the summons and verified complaint (Index # 302654/08) is annexed hereto as Exhibit "A".

10. Defendants were served with a copy of the summons and verified complaint on April 17, 2008, for which the affidavits of service are annexed hereto as Exhibit "B".

11. Pursuant to a Notice of Removal dated May 29, 2008, defendants removed the within action to this Court, incorrectly alleging that the action is removable, pursuant to 28 U.S.C. Sec. 1441 and 28 U.S.C. Sec. 1331, as an admiralty or maritime claim. A copy of the Notice of Removal is annexed hereto as Exhibit "B".

**FACTS**

12. As set forth more fully in the accompanying affidavit of plaintiff Daniel Polanco and plaintiff's verified complaint annexed hereto as Exhibit "A", plaintiff suffered serious injuries to his face, including but not limited to a broken eye socket and other serious personal injuries while fishing in the Long Island Sound off the coast of City Island, on a recreational motor boat owned and/or operated by defendants. Plaintiff was a passenger on the boat.

13. The verified complaint alleges that plaintiff's injuries were caused by defendants' negligence, carelessness and recklessness in the ownership, operation, management, maintenance, supervision, use and control of the boat, its equipment and/or personnel.

14. An examination of the verified complaint shows that plaintiff seeks to enforce his common law remedies only, i.e., a personal injury action, rather than any remedy he may have in admiralty and that no diversity of citizenship or independent federal question exits herein.

15. An examination of defendants' Notice of Removal (Exhibit "B") also shows that no independent federal question is involved in this dispute and that there is no diversity of citizenship between the parties to this action.

PLAINTIFF'S MOTION TO REMAND THIS ACTION
TO THE SUPREME COURT OF THE STATE OF NEW YORK, BRONX COUNTY
SHOULD BE GRANTED AS THIS COURT LACKS
<u>SUBJECT MATTER JURISDICTION OVER THE WITHIN ACTION</u>

16. Even if plaintiff's claims could have been brought as admiralty claims in federal district court in the first instance (which is not conceded), plaintiff elected to commence his action as a common law tort action in state court.

17. As discussed more fully in plaintiff's Brief, plaintiff is given this choice of election under the "Saving to Suitors Clause" [28 U.S.C. Sec. 1331(1)], which is part of the statutory grant of admiralty jurisdiction.

18. As a Saving to Suitors clause case, once plaintiff commences his action as a state court tort action, it cannot be removed to a federal district court absent diversity between the parties or another basis of federal jurisdiction, neither of which exists herein. J. Aron & Company v. Chown, 894 F. Supp. 697 (S.D.N.Y. 1995); Kurkomelis v. Goldenbaum, 1990 U.S. Dist. Lexis 13731 (E.D.N.Y. 1990).

19. Defendants' removal of this case to federal district court does not transform the case from a state tort case into an admiralty case. It still remains the same common law tort action. Chown, id.; Kurkomelis, id..

20. Since this Court has no jurisdiction over a non-diverse common law action, this action must be remanded to the Supreme Court of the State of New York, Bronx County from which it was improperly removed. Chown, id.; Kurkomelis, id..

WHEREFORE, it is respectfully requested that the instant motion for an order remanding the action to the Supreme Court of the State of New York, Bronx County be granted in all respects, together with the costs, disbursements, and attorney's fees associated with the making of this motion and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 20, 2008

_____
ANTHONY CUGINI, JR. AC2470

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————X
DANIEL POLANCO,

        Plaintiffs,                Case No. 08 CV5028 (SHS) (RLE)

  - against -                 **AFFIDAVIT**

PICCININNI, INC. AND PETER PICCININNI,

        Defendant
——————————————————————X

    Daniel Polanco, being over the age of 18 years being duly sworn, under the penalty of perjury, says:

    1. That I am the plaintiff in the above captioned matter.

    2. That on August 16, 2006, I was a paying passenger aboard a night fishing boat named Daybreak 3 bearing registration number 70676; a five hour night fishing excursion.

    3. That the Daybreak 3 is docked at Jack' Bait and Tackle/Sunset Marina at 551 City Island Avenue, City Island, Bronx.

    4. That the owner Piccininni, Inc. is a New York State Corporation and a resident of the Bronx having an address at 620 Reiss Place, Apt 2K, Bronx, N.Y. 10467.

    5. That the owner Peter Piccininni is an individual and a resident of the Bronx having an address at 620 Reiss Place, Apt 2K, Bronx, N.Y. 10467.

    6. That Peter Piccininni was the captain of the Daybreak 3 that evening.

    7. That the fishing boat Daybreak 3 bearing registration number 70676 is owned by Piccininni, Inc.

8. That the fishing boat Daybreak 3 bearing registration number 70676 is owned by Piccininni, Inc.

9. The boat travels into the Long Island Sound and is always in sight of the Bronx.

10. That the fishing boat was equipped with a crew that assists the fishing guests in catching fish.

11. That the fishing boat was equipped with gaffs, poles, nets, rods, hooks and other devices to help pull the fish into the boat when caught by the fishing passengers.

12. That the crew of the boat used gaffs, poles, nets, rods, hooks and other devices to help pull the fish into the boat when caught by the fishing passengers.

13. That while on the fishing boat Daybreak 3 a fellow passenger caught a fish.

14. That while a crewman of the Daybreak 3 was pulling that fellow passengers fish into the boat by using one of the above mentioned devices, I was hit in my left eye by said device.

15. That as a result I was caused severe injury to my left eye and face the full extent of which is not fully known as yet but is inclusive of a fracture left eye orbit, blurred and double vision of the left eye and loss of smell for which I have instituted a State Court Bronx County common law negligence lawsuit seeking damages; no Federal Court claims are being made..

16. That my attorneys have informed me that the defendant has sought removal of this case to this court.

17. That I have been informed that the removal is on a federal question.

18. That I have been further informed that my attorneys are moving this court seeking a remand of this case to the jurisdiction of the Courts of the State of New York, Bronx County where this matter was originally an appropriately initiated.

19. That the Supreme Court of the State of New York Bronx County should retain jurisdiction over this case for the reasons provided in my attorney's affidavit and accompanying memorandum of law, and I incorporate those arguments into this Affidavit by reference.

20. That I ask that this court grant my motion to remand this matter to the Supreme Court of the State of New York, Bronx County.

_____
DANIEL POLANCO

STATE OF NEW YORK　　　)
　　　　　　　　　　　　) ss.:
COUNTY OF NEW YORK　　)

On the 18th day of June, 2008, before me personally came and appeared to me Daniel Polanco, to me known and known to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ANTHONY CUGINI, JR.
NOTARY PUBLIC
STATE OF N.Y. COUNTY OF WESTCHESTER
REG. No.02CU6105821 EXP. 2/23/12

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No. 302654/08
Date Purchased: 4/2/08
SUMMONS

DANIEL POLANCO

    Plaintiff,

-against-

PICCININNI, INC. AND PETER PICCININNI

    Defendant,

Plaintiff designates
Bronx County as place of trial

The basis of venue is:
Plaintiff's residence
50 W. 182nd Street
Bronx, N.Y.

### To the above named Defendant(s):

  You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to a serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
   March 28, 2008

              _____
              ANTHONY J. CUGINI, JR.,
              ANTHONY J. CUGINI, JR., ESQ., P.C.
              Attorneys for Plaintiff
              201 W. 91st Street
              New York, N.Y. 10024
              212-580-6806

TO:
PICCININNI, INC.
620 Reiss Place, Apt 2K
Bronx, N.Y. 10467

PETER PICCININNI
620 Reiss Place, Apt 2K
Bronx, N.Y. 10467

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X
DANIEL POLANCO

        Plaintiff(s),

  -against-

PICCININNI, INC. AND PETER PICCININNI
        Defendant(s)
------------------------------------------------------------X

Index No. 302654/08
Date Purchased: 4/2/08

**VERIFIED COMPLAINT**

Plaintiff, by his attorneys, ANTHONY J. CUGINI, JR., ESQ., P.C. complaining of the Defendant(s), respectfully alleges, upon information and belief, as follows:

1. At all times herein after mentioned, Plaintiff, DANIEL POLANCO, was a resident of the County of Bronx, City and State of New York.

2. That at all times hereinafter mentioned, the Defendant, PICCININNI, INC. was and still is a domestic corporation licensed and duly organized and existing under and by virtue of the laws to do business in the State of New York.

3. That at all times hereinafter mentioned, the Defendant, PICCININNI, INC. was and still is a foreign corporation licensed and duly authorized to do business in the State of New York.

4. That at all times hereinafter mentioned, the Defendant, PICCININNI, INC. maintained a principal place of business in the County of Bronx, City and State of New York.

5. That at all times hereinafter mentioned, the Defendant PICCININNI, INC. was, and still is, a business entity licensed to do business in the State of New York.

6. At all times hereinafter mentioned, Defendant, PICCININNI, INC. was a resident of the County of Bronx, City and State of New York.

7. At all times hereinafter mentioned, Defendant, PICCININNI, INC., was the owner of



a motor boat named Daybreak 3 bearing registration number 70676.

8. At all times hereinafter mentioned, Defendant, PETER PICCININNI, was the owner of a motor boat named Daybreak 3 bearing registration number 70676.

9. At all times hereinafter mentioned, Defendant, PETER PICCININNI, operated the aforesaid motor boat named Daybreak bearing registration number 70676.

10. At all times hereinafter mentioned, Defendant, PICCININNI, INC., maintained the aforesaid motor boat.

11. At all times hereinafter mentioned, Defendant, PETER PICCININNI, controlled the aforesaid motor boat.

12. At all times hereinafter mentioned, Defendant, PETER PICCININNI, was the captain of the aforesaid motor boat.

13. At all times hereinafter mentioned, Defendant, PETER PICCININNI, operated the aforesaid motor boat with the knowledge, permission and consent of the defendant, PICCININNI, INC.

14. That on August 16, 2006, Plaintiff, DANIEL POLANCO was a passenger on the aforesaid motor boat.

15. That on August 16, 2006, the aforesaid motor boat was equipped with gaffs.

16. That on August 16, 2006, the aforesaid motor boat was equipped with grapplers.

17. That on August 16, 2006, the aforesaid motor boat was equipped with poles.

18. That on August 16, 2006, Defendant PICCININNI, INC., employed boat hands.

19. That on August 16, 2006, Defendant PICCININNI, INC., employed boat hands to assist customers in fishing.

20. That on August 16, 2006, Defendant PICCININNI, INC., employed boat hands to

operate gaffs.

21. That on August 16, 2006, Defendant PICCININNI, INC., employed boat hands to operate grapplers.

22. That on August 16, 2006, Plaintiff, DANIEL POLANCO was injured on the aforesaid motor boat.

23. That on August 16, 2006, Plaintiff, DANIEL POLANCO was injured on the aforesaid motor boat when he was struck in the face.

24. That on August 16, 2006, Plaintiff, DANIEL POLANCO was injured on the aforesaid motor boat when he was struck in the face by a gaff.

25. That on August 16, 2006, Plaintiff, DANIEL POLANCO was injured on the aforesaid motor boat when he was struck in the face by a grapple.

26. That on August 16, 2006, Plaintiff, DANIEL POLANCO was injured on the aforesaid motor boat when he was struck in the face by a pole.

27. That the aforesaid occurrence was caused wholly and solely by the reason of the negligence of the Defendant without any fault or negligence on the part of the plaintiff contributing thereto.

28. That the Defendant(s) were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid motor boat and the defendant was otherwise negligent, careless and reckless under the circumstances then and there prevailing.

29. That by reason of the foregoing, Plaintiff, DANIEL POLANCO, has been damaged in a sum in excess of the jurisdictional limits of this court.

**WHEREFORE**, Plaintiff, DANIEL POLANCO, demands judgment against the Defendant(s) in an that exceeds the jurisdictional limit of the court together with costs and disbursements of this action.

Dated: New York, New York
March 28, 2008

Yours, etc...

_____
ANTHONY J. CUGINI, JR.,
ANTHONY J. CUGINI, JR., ESQ., P.C.
Attorneys for Plaintiff
201 W. 91st Street
New York, N.Y. 10024
212-580-6806

AC/tc

## VERIFICATION

ANTHONY J. CUGINI, JR, affirms under penalty of perjury:

That affirmant is the attorney for the Plaintiff(s) in the action within; that affirmant has read the foregoing SUMMONS & VERIFIED COMPLAINT and knows the contents thereof; that the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes it to be true and the reason that this verification is not made by plaintiff(s) and is made by affirmant is that Plaintiff(s) is/are not presently in the County where the attorneys for the Plaintiff(s) have their office.

Affirmant further says that the source of affirmant's information and the grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are from investigations made on behalf of said Plaintiff(s).

Dated: New York, New York
March 28, 2008

_____
ANTHONY J. CUGINI, JR.

Index No.: 302654/08
Date Purchased: 4/2/08

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

DANIEL POLANCO

                       Plaintiff(s),

      -against-

PICCININNI, INC. AND PETER PICCININNI

                       Defendant(s),

---

## SUMMONS AND VERIFIED COMPLAINT

---

ANTHONY J. CUGINI JR., ESQ., P.C.
201 W. 91st Street
New York, N.Y. 10024
212-580-6806
Attorney(s) for Plaintiff
DANIEL POLANCO

---

TO:
PICCININNI, INC.
620 Reiss Place, Apt 2K
Bronx, N.Y. 10467

PETER PICCININNI
620 Reiss Place, Apt 2K
Bronx, N.Y. 10467

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: New York, New York
        March 28, 2008

                                             ANTHONY J. CUGINI, JR. ESQ.

```
607950
```

| | |
|---|---|
| **SUPREME COURT OF NEW YORK**<br>**BRONX COUNTY** | INDEX NO: 302654/08<br>FILE DATE: 4/2/2008<br>ATTY: ANTHONY J CUGINI, JR. ESQ., P.C.<br>201 W. 91ST STREET<br>NEW YORK, NY 10024 |
| **STATE OF NEW YORK: COUNTY OF BRONX** | EPS No. 584969<br>Attorney File No.<br>Batch No. 106403 |

DANIEL POLANCO                                                                         Plaintiff(s)

- against -

PICCININNI, INC. & PETER PICCININNI                                     Defendant(s)

---

**STATE OF NEW YORK, COUNTY OF QUEENS: SS:**

SULEIMAN S E IBRAHIM BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/17/2008 at 1:37PM at 620 REISS PLACE, BRONX, NY 10467, APT 2K deponent served the within SUMMONS & VERIFIED COMPLAINT on PICCININNI, INC.. At time of service the index number and date of filing were on the SUMMONS & VERIFIED COMPLAINT

**CORPORATION**

By delivering to and leaving with PICCININNI, INC. and that the deponent knew the person so served to be the GENERAL AGENT, GOLINA PICCININNI, AUTHORIZED TO ACCEPT ON BEHALF of the corporation.

**A DESCRIPTION OF THE DEFENDANT OR OTHER PERSON SERVED ON BEHALF OF THE DEFENDANT IS AS FOLLOWS:**

Approximate age: 41    Approximate weight: 120    Approximate height: 5'6"
Color of skin: WHITE    Color of hair: BROWN    Sex: F

Sworn to before me on 4/18/2008

| LUIS A. CRESPO | KEVIN T. MACTIERNAN | ARTAK RAEVSKY | LORRE A. DUNNE |
|---|---|---|---|
| Commissioner of Deeds | NOTARY PUBLIC-STATE OF NEW YORK | NOTARY PUBLIC-STATE OF NEW YORK | NOTARY PUBLIC-STATE OF NEW YORK |
| City of New York No. 4-4920 | No. 01MA6108632 | No. 01RA6123189 | No. 01DU6016358 |
| Certificate Filed in Queens County | Qualified in Nassau County | Qualified in Queens County | Qualified in Queens County |
| Commission Expires Aug. 1, 2009 | Commission Expires 4/19/2008 | Commission Expires 2/28/2009 | Commission Expires 11/16/2010 |

NP

**ELITE PROCESS SERVERS * 86-08 Little Neck Parkway, Floral Park, NY 11001**

```
607951
```

INDEX NO: 302654/08
FILE DATE: 4/2/2008
ATTY: ANTHONY J CUGINI, JR. ESQ., P.C.
201 W. 91ST STREET
NEW YORK, NY 10024

**SUPREME COURT OF NEW YORK**
**BRONX COUNTY**

**STATE OF NEW YORK: COUNTY OF    BRONX**

EPS No. 584969
Attorney File No.
Batch No. 106403

**DANIEL POLANCO**                                                              Plaintiff(s)

- against -

**PICCININNI, INC. & PETER PICCININNI**                                        Defendant(s)

**STATE OF NEW YORK, COUNTY OF QUEENS: SS:**
SULEIMAN S E IBRAHIM BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 4/17/2008 at 1:37PM at 620 REISS PLACE, BRONX, NY 10467, APT 2K deponent served the within SUMMONS & VERIFIED COMPLAINT on PETER PICCININNI. At time of service the index number and date of filing were on the SUMMONS & VERIFIED COMPLAINT

**SUITABLE AGE PERSON**
Service was made in the following manner after your deponent was unable with due diligence to serve the defendant in person. By delivering a true copy of the thereof to and leaving with GOLINA PICCININNI, FAMILY MEMBER a person of suitable age and discretion at 620 REISS PLACE, BRONX, NY 10467, APT 2K, the said premises being the defendants Dwelling Place within the State of New York.

**MAILING First Class Mail**
Deponent completed service under the last two sections by depositing 1 Copy of the SUMMONS & VERIFIED COMPLAINT to PETER PICCININNI at 620 REISS PLACE, BRONX, NY 10467, APT 2K in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office in the State of New York on 4/18/2008 via First Class Mail.The mailing was made to the address bearing 'PERSONAL & CONFIDENTIAL' and not indicating 'LEGAL ACTION'.

A DESCRIPTION OF THE DEFENDANT OR OTHER PERSON SERVED ON BEHALF OF THE DEFENDANT IS AS FOLLOWS:

| Approximate age: | 41 | Approximate weight: | 120 | Approximate height: | 5'6" |
| Color of skin: | WHITE | Color of hair: | BROWN | Sex: | F |

Military Service ☒ Upon information and belief I aver that the defendant is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on _APR 1 8 2008_

| LUIS A. CRESPO | KEVIN T. MACTIERNAN | ARTAK RAEVSKY | LORRE A. DUNNE |
| Commissioner of Deeds | NOTARY PUBLIC-STATE OF NEW YORK | NOTARY PUBLIC-STATE OF NEW YORK | NOTARY PUBLIC-STATE OF NEW YORK |
| City of New York No. 4-4920 | No. 01MA6108632 | No. 01RA6123189 | No. 01DU6018358 |
| Certificate Filed in Queens County | Qualified in Nassau County | Qualified in Queens County | Qualified in Queens County |
| Commission Expires Aug. 1, 2009 | Commission Expires 4/19/2008 | Commission Expires 2/28/2009 | Commission Expires 11/16/2010 |

NP

**ELITE PROCESS SERVERS * 88-08 Little Neck Parkway, Floral Park, NY 11001**

WILLIAM R. BENNETT, III (WB 1383)
Bennett, Giuliano, McDonnell & Perrone, LLP
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone: (646) 328-0120
Attorneys for Defendants
PICCININNI, INC. and PETER PICCININNI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DANIEL POLANCO,
           Plaintiff,

- against -

PICCININNI, INC. AND PETER PICCININNI,

           Defendants.
-------------------------------------------------------X

JUDGE STEIN

08 CIV 5028

08 Civ. _____

NOTICE OF REMOVAL

      Defendants, Piccininni, Inc. and Peter Piccininni, by their attorneys, Bennett, Giuliano, McDonnell & Perrone, LLP, in support of their Notice of Removal, allege upon information and belief as follows:

      1.     Plaintiff filed his complaint against the defendants in the Supreme Court of the State of New York, County of the Bronx. Copies of the Summons and Complaint, filed under Index number 302654/08, purchased on April 2, 2008, are annexed hereto as Exhibit "A."

      2.     The plaintiff's complaint was first received by the defendants on May 27, 2008.

      3.     The complaint seeks money damages as a result of an accident aboard a vessel. (See Complaint, pp. 22-28 annexed hereto as Exhibit "A.")

      4.     This action is removable to this Court pursuant to 28 U.S.C. § 1441 by virtue of this Court's jurisdiction pursuant to 28 U.S.C. § 1331, as the plaintiff's claim is an admiralty or maritime claim within the meaning of Federal Rules of Civil Procedure 9(h) and subject to the limitation of liability provision of 46 U.S.C. § 181-189.

WHEREFORE, the defendants pray that this honorable Court remove this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441; and that the defendants have such other, further, and different relief as this Court deems just, proper, and equitable.

Dated: New York, New York
May 29, 2008

                          Bennett, Giuliano, McDonnell & Perrone, LLP
                          Attorneys for Defendants
                          PICCININNI, INC. and PETER PICCININNI

                          _____
                          William R. Bennett, III
                          494 Eighth Avenue, 7th Floor
                          New York, New York 10001
                          Telephone:   (646) 328-0120

TO:    Clerk of the Court,
         Bronx County Clerk's Office
         Supreme Court of the State of New York
         851 Grand Concourse, Room 118
         Bronx, NY 10451

         Anthony J. Cugini, Jr.
         Anthony J. Cugini, Jr., Esq., P.C.
         Attorneys for Plaintiff
         201 W. 91st Street
         New York, NY 10024

AFFIDAVIT OF SERVICE

STATE OF NEW YORK       )
                        ) ss:
COUNTY OF NEW YORK      )

Leslie Acevedo being duly sworn deposes and says:

I am over the age of 18 years, I am not a party to this action, and I reside in New York County in the State of New York.

I served a true copy of the annexed

NOTICE OF MOTION, AFFIRMATION IN SUPPORT OF MOTION WITH SUPPORTING EXHIBITS AND LEGAL BRIEF

on June 24, 2008

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

Bennett, Giuliano, McDonnell & Perrone, LLP.
494 Eighth Avenue, 7th Floor
New York, N.Y. 10001

_____
Leslie Acevedo

Sworn to before me on 24th day of June, 2008

_____
Notary Public

ANTHONY CUGINI, JR.
NOTARY PUBLIC
STATE OF N.Y. COUNTY OF WESTCHESTER
REG. No. 02CU6105821 EXP. 2/23/12