ANTHONY J. CUGINI, JR., ESQ. (AC 2470)
ANTHONY J. CUGINI, JR., ESQ., P.C.
201 West 91st Street
New York, New York 10024
Telephone: (212) 580-6806
Attorney for Plaintiff
Daniel Polanco

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL POLANCO,                                  08 CV 5028 (SHS) (RLE)
       Plaintiff,

-against-

PICCININNI, INC. AND PETER PICCININNI,
       Defendants.

## PLAINTIFF DANIEL POLANCO'S BRIEF IN SUPPORT OF MOTION TO REMAND ACTION

## PRELIMINARY STATEMENT

The within action is a personal injury action in which plaintiff Daniel Polanco suffered serious personal injuries while fishing in the Long Island Sound, off the coast of City Island, on a recreational motor boat owned and/or operated by defendants Piccininni, Inc. and Peter Piccininni.

For the reasons and law set forth herein, this action was improperly removed to this Court by defendants who have incorrectly alleged that it is an admiralty claim. It should be remanded to the Supreme Court of the State of New York, Bronx County from which it was improperly removed because this Court lacks subject matter jurisdiction over the case as it is a Saving to Suitors clause case under 28 U.S.C. Sec. 1333(1), which was commenced as a state tort action, not as an admiralty claim, and cannot be removed to a federal district court absent diversity jurisdiction or an independent federal question, neither of which exists herein.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Daniel Polanco, a resident of the State of New York, Bronx County, commenced the within personal injury action in the Supreme Court of the State of New York, Bronx County, by filing a summons and verified complaint on April 2, 2008 (See, Exhibit "A" annexed to plaintiff's moving papers). In his verified complaint, plaintiff has alleged that he sustained serious injuries to his face, including but not limited to a broken eye socket and other serious personal injuries while fishing in the Long Island sound off the coast of City Island, on a recreational motor boat owned and/or operated by defendants, residents of the State of New York. The verified complaint further alleges that plaintiff's injuries were caused by defendants' negligence, carelessness and recklessness in the ownership, operation, management, maintenance, supervision, use and control of the motor boat, its equipment and/or personnel.

Defendants were served with a copy of the summons and verified complaint on May 27, 2008 and removed the action to this Court on May 29, 2008. In defendants' Notice of Removal (See, Exhibit "B" annexed to plaintiff's moving papers), defendants incorrectly state that, "This action is removable to this

1

Court pursuant to 28 U.S.C. Sec. 1441 by virtue of this Court's jurisdiction pursuant to 28 U.S.C. Sec. 1331, as the plaintiff's claim is an admiralty or maritime claim within the meaning of Federal Rules of Civil Procedure 9(h) and subject to the limitation of liability provision of 46 U.S.C. Sec. 181-189." The Notice of Removal does not allege that there is any diversity jurisdiction or an independent federal question herein.

Plaintiffs disagree that the within action is an admiralty claim. Contrary to defendants' assertions, plaintiff has elected to bring his claim pursuant to the Saving to Suitors clause, as a common law tort action in state court and not as an admiralty claim, and hereby seeks to remand the action to state court as the federal district court lacks subject matter jurisdiction over plaintiff's action.

## ARGUMENT

### THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE INSTANT CASE AND SHOULD REMAND IT TO THE NEW YORK SUPREME COURT, BRONX COUNTY FROM WHICH IT WAS IMPROPERLY REMOVED

**I. Plaintiff's election to commence his personal injury action under the Saving to Suitors Clause deprives this Court of original jurisdiction over the action.**

Title 28, Section 1333(1) of the United States Code, known as the "Saving to Suitors" clause, is part of the statutory grant of admiralty jurisdiction, and provides in pertinent part that:

> "The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
> (1) Any civil case of admiralty or maritime jurisdiction, <u>saving to suitors in all cases all other remedies to which they are otherwise entitled</u>."
> (Emphasis added).

Under the Saving to Suitors clause, "plaintiffs with a common law claim arising from a transaction over which a federal court would have admiralty jurisdiction may either avail themselves of federal admiralty jurisdiction or sue at law in state court." <u>J. Aron & Company v. Chown</u>, 894 F. Supp 697, 699 (S.D.N.Y. 1995), citing <u>McAllister Brothers, Inc. v. Ocean Marine Indemnity Co.</u>, 742 F.Supp 70, 75 (S.D.N.Y. 1989).

2

Once plaintiff elects to commence his action as a common law action in state court and not an admiralty action, the federal court has no admiralty jurisdiction over the case and it cannot be removed to a federal district court absent diversity jurisdiction or an independent federal question. Romero v. International Terminal Operating Co., 358 U.S. 354 (1959); Chown, supra.; Kurkomelis v. Goldenbaum, 1990 U.S. Dist. Lexis 13731 ( E.D.N.Y. 1990).

Moreover, defendants' removal of such case to federal district court does not transform the case from a state tort case into an admiralty case. It remains the same common law tort action over which the federal district court lacks subject matter jurisdiction. Chown, supra.; Kurkomelis, supra.

The issue of whether the federal district court is divested of subject matter jurisdiction over common law tort actions commenced in the state courts under the Saving to Suitors clause was thoroughly discussed in Kurkomelis, id., a case on point with the one at bar. In Kurkomelis, id., plaintiff suffered injuries while on the water in a recreational boat owned and operated by defendants. The plaintiff in that case commenced a personal injury action in Supreme Court of the State of New York, Nassau County. Thereafter, defendants removed the action to the United States District Court for the Eastern District of New York claiming that the matters alleged in the complaint constituted an admiralty claim within the meaning of FRCP Rule 9(h). About a year after removal, Kurkomelis moved to remand the case to state court for lack of subject matter jurisdiction. The federal district court held that it lacked subject matter jurisdiction over Kurkomelis' Saving to Suitors case and granted Kurkomelis' motion to remand to the state court, stating:

> "It is beyond question that a federal district court cannot maintain jurisdiction over an action commenced as a state tort claim absent diversity between the parties or some other basis of federal jurisdiction. Therefore, even though the [ plaintiffs] could have been pleaded [sic] their case as a maritime tort falling within the admiralty jurisdiction of the federal courts, their choosing to plead their case as one governed by state tort law determined the character of their claims ..."

3

***

"In the case before us, plaintiffs commenced their
action as a tort action governed by New York State
law; they did not commence an action in admiralty.
Defendants' removal of the case to this court has not
transformed the proceeding into an admiralty action.
Removal does not transform a case; it merely, as the
term suggests, "removes" it. When we receive an action
from the state court, we take it in the form in which it was
commenced... Removal is not some magical potion that can
transform a proceeding into something other than
the case the state court received upon commencement."
at *12 -*14.

***

"Our exercise of jurisdiction would deprive the states of that
important role which they have historically played in
shaping the law governing admiralty matters. We believe that,
in devising its grant of exclusive admiralty jurisdiction to the
federal courts, Congress meant for the states to retain an
actual role in administering the common law remedies
which, historically, were left to the plaintiff's election. The
comity inherent in our system of federalism must be vigilantly
guarded." at *19.

The within Court followed the foregoing reasoning and analysis in <u>Kurkomelis</u>, <u>id</u>. in holding that subject matter jurisdiction was lacking in <u>Chown</u>, <u>supra</u>., stating:

"Assuming <u>arguendo</u> that [plaintiff] could have brought
an admiralty action against the Chown Defendants,
[plaintiff] has made an irrevocable election to proceed
at common law, rather than in admiralty by filing Chown
in state court pursuant to the Saving to Suitors Clause of
28 U.S.C. Sec. 1333(1). The effect of this election was to
deprive this Court of admiralty jurisdiction over Chown,
even though Chown could have been pleaded as an action
in admiralty rather than a common law action. Consequently,
unless some other basis for federal subject matter
jurisdiction exists, Chown must be remanded to the
New York Supreme Court, from which it was improperly
removed." at 698.

***

"...[Plaintiff's] election to commence Chown as a common
law action in state court forever prevents the federal
district courts from obtaining admiralty jurisdiction over Chown."

4

\*\*\*

"In the case before us, plaintiffs commenced their
action as a tort action governed by New York State
law; they did not commence an action in admiralty.
Defendants' removal of the case to this court has not
transformed the proceeding into an admiralty action.
Removal does not transform a case; it merely, as the
term suggests, "removes" it. When we receive an action
from the state court, we take it in the form in which it was
commenced... Removal is not some magical potion that can
transform a proceeding into something other than
the case the state court received upon commencement."
at \*12 -\*14.

\*\*\*

"Our exercise of jurisdiction would deprive the states of that
important role which they have historically played in
shaping the law governing admiralty matters. We believe that,
in devising its grant of exclusive admiralty jurisdiction to the
federal courts, Congress meant for the states to retain an
actual role in administering the common law remedies
which, historically, were left to the plaintiff's election. The
comity inherent in our system of federalism must be vigilantly
guarded." at \*19.

The within Court followed the foregoing reasoning and analysis in <u>Kurkomelis</u>, <u>id</u>. in holding that subject matter jurisdiction was lacking in <u>Chown</u>, supra., stating:

"Assuming <u>arguendo</u> that [plaintiff] could have brought
an admiralty action against the Chown Defendants,
[plaintiff] has made an irrevocable election to proceed
at common law, rather than in admiralty by filing Chown
in state court pursuant to the Saving to Suitors Clause of
28 U.S.C. Sec. 1333(1). The effect of this election was to
deprive this Court of admiralty jurisdiction over Chown,
even though Chown could have been pleaded as an action
in admiralty rather than a common law action. Consequently,
unless some other basis for federal subject matter
jurisdiction exists, Chown must be remanded to the
New York Supreme Court, from which it was improperly
removed." at 698.

\*\*\*

"...[Plaintiff's] election to commence Chown as a common
law action in state court forever prevents the federal
district courts from obtaining admiralty jurisdiction over Chown."
at 699.

4

The same reasoning and analysis found in Kurkomelis, supra. and Chown, supra. should be applied in the instant case. In the instant case, plaintiff elected to commence a common law action for personal injuries in state court, not an admiralty action. As a result, this Court is precluded from obtaining admiralty jurisdiction over the instant case. Since no other basis for federal jurisdiction exists herein, i.e., diversity jurisdiction or an independent federal question, this Court lacks subject matter jurisdiction over this action and should remand it to the New York Supreme Court, Bronx County, from which it was improperly removed. Chown, id.; Kurkomelis, supra..

II. **Defendants' have failed to meet their burden of proof.**

The party seeking to retain the action in federal district court (defendants herein) have the burden of proving that the requirements of removal have been met. Kurkomelis, supra. at *7-*8. Not only have defendants failed to meet their burden of proof but plaintiff has clearly shown that this Court lacks subject matter jurisdiction over the within action.

WHEREFORE, it is respectfully requested that the instant motion for an order remanding the action to the Supreme Court of the State of New York, Bronx County be granted in all respects, together with costs, disbursements and attorney's fees incurred by plaintiff herein, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 20, 2008

Respectfully submitted,

_____
Anthony J. Cugini, Jr., Esq. AC2470
Anthony J. Cugini, Jr., Esq., P.C.
Attorney for Plaintiff Daniel Polanco
201 West 91st Street
New York, N.Y. 10024
(212)-580-6806

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL POLANCO

                Plaintiff(s),

-against-                                        08CV5028 (SHS)

PICCININNI, INC. AND PETER PICCININNI

                Defendant(s),

## BRIEF

ANTHONY J. CUGINI JR., ESQ., P.C.
201 W. 91st Street
New York, N.Y. 10024
212-580-6806
*Attorney(s) for Plaintiff*
DANIEL POLANCO

TO:
Bennett, Giuliano, McDonnell & Perrone, LLP.
494 Eighth Avenue, 7th Floor
New York, N.Y. 10001