WILLIAM R. BENNETT, III (WB 1368)
Bennett, Giuliano, McDonnell & Perrone, LLP
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:    (646) 328-0120
Attorneys for Defendants
PICCININNI, INC. and PETER PICCININNI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIEL POLANCO,                                                       08 Civ. 5028

                      Plaintiff,

   - against -

PICCININNI, INC. AND PETER PICCININNI,

                      Defendants.
------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION
## TO DANIEL POLANCO'S MOTION TO REMAND

                      Respectfully submitted,

                      William R. Bennett, III
                      Bennett, Giuliano, McDonnell & Perrone, LLP
                      494 Eighth Avenue, 7th Floor
                      New York, New York 10001
                      Telephone:    (646) 328-0120
                      Facsimile:    (646) 328-0121

## PRELIMINARY STATEMENT

Daniel Polanco moves to remand this matter to the Supreme Court of the State of New York, Bronx County on the grounds that it was improperly removed. Plaintiff is wrong. Because the claim asserted by Daniel Polanco against Piccininni, Inc. and Peter Piccininni, the owners of the F.V. DAYBREAK III, is governed by The Limitation Act, 46 U.S.C. App. §§ 30501-30512, the matter was properly removed.

## PROCEDURAL HISTORY

There are presently two actions before the Court that arise from Daniel Polanco's allegations that while aboard the F.V. DAYBREAK III, on August 18, 2006, he sustained a personal injury.

Daniel Polanco filed an action against Piccininni, Inc. and Peter Piccininni in the Supreme Court of the State of New York, County of Bronx, on April 2, 2008 alleging he was injured while aboard the F.V. DAYBREAK III. Defendant removed the action to this Court on June 3, 2008. The removed action is entitled <u>Daniel Polanco v. Piccininni, Inc. and Peter Piccininni</u>, Index No. 08 CV 5028 (SMS). On June 24, 2008, Piccininni Inc. filed a petition to limit its liability under 46 U.S.C. App. §§ 30501-30512. That action is entitled <u>In re Piccininni</u>, 08 CV 5521 (SMS). The matters are related and both assigned to the Honorable Sidney M. Stein.

## THE LAW

28 U.S.C. § 1441 permits removal of a suit from state court to federal district court if the cause of action is one within the "original jurisdiction" of United States District Courts. Pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, this matter is an Admiralty and Maritime claim, which this Court enjoys original jurisdiction over. This Court also enjoys

original and exclusive jurisdiction over actions by vessel owners to limit their liability pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501-30512.

The Saving to Suitors Clause does not permit actions filed in state court to be removed to federal court solely on grounds that they are within the admiralty jurisdiction of the Court, absent an independent basis for federal jurisdiction such as the cause of action involves a federal question. Romero v. Int'l Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 1959 AMC 832 (1959); In Re Dutile, 935 F.2d 61, 1991 AMC 2979 (5th Cir. 1991); Matherne v. Max Welders, Inc., 1992 AMC 147 (E.D. La. 1991); Estate of Morales v. New Orleans Gulf Harbors Services, Inc., 703 F. Supp. 501, 1989 AMC 1070 (M.D. La. 1989).

Here, the basis for removal is a specific jurisdictional statute, *i.e.*, 46 U.S.C. App §§ 30501-30512. In general terms, the purpose of the Limitation of Liability Act is to permit a vessel owner, such as defendants, to limit their liability to the extent of its interest in the vessel at the end of the voyage, enabling the owner to shelter itself from unlimited liability for the consequences of maritime accidents and disasters.

The Limitation Act applies to casualties occurring on waters considered "navigable" for purposes of admiralty jurisdiction. Three Buoys Houseboat Vacations U.S.A., Ltd. v. Morts, 921 F.2d 775, 1991 AMC 1356 (8th Cir. 1990); Three Buoys Houseboat Vacations U.S.A., Ltd. v. Morts, 878 F.2d 1096, 1989 AMC 2058 (8th Cir. 1989). The Limitation of Liability Act states that all "owners" of a vessel may limit their liabilities. The general rule has evolved that if the plaintiff in limitation may be held liable *because* of its ownership or control of the vessel (it is subject to shipowner's liability because of its exercise of dominion and control over the vessel), the entity will be considered an "owner." See, *e.g.*, Dick v. United States, 671 F.2d 724, 1982 AMC 913 (2d Cir. 1982); In re Magnolia Marine Transp. Co., 2003 AMC 2425 (E.D. Ok. 2003);

In re Complaint of Shell Oil Co., 780 F.Supp. 1086, 1992 AMC 2062 (E.D. La. 1991). The defendants herein are "owners" within the meaning of the Limitation of Liability Act.

Supplemental Admiralty Rule F establishes procedures for a limitation action brought in federal court pursuant to 46 U.S.C. App. § 30501-30512 Supp. The Rule requires that the owner deposit with the federal district court, for the benefit of claimants, an amount equal to his interest in the vessel and pending freight, or approved security therefore, or transfer to a trustee appointed by the court for the benefit of claimants, his interest in the vessel and pending freight, plus security for costs. Subsection (4) requires notice of the action to all known potential claimants. This has been done here.

The trial of a limitation proceeding requires a bifurcated analysis. Carr v. PMS Fishing Corp., 191 F.3d 1, 1999 AMC 2958 (1st Cir. 1999); Estate of Muer v. Karbel, 146 F.3d 410, 1998 AMC 2668 (6th Cir. 1998). First, the court must determine whether there was fault on the part of the shipowner which gives rise to liability of the shipowner for the claims of each claimant. If such fault is found, the court must then determine whether the shipowner was privy to, or had knowledge of, the causative agent.

The Limitation Act also requires that upon filing an action by an owner for exoneration or limitation "all claims and proceedings against the owner with respect to the matter in question shall cease," and all claims be made in the limitation action. State Courts do not hear limitation matters. Rule F(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure provides that "[o]n application of the plaintiff [vessel owner] the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." By this concursus mechanism, the district court sitting in admiralty, without a jury, is able to determine

if the owner should be exonerated, and, if not, whether the owner is entitled to limit liability to the value of the vessel and its pending freight and any other amounts which are included in the limitation fund. If the district court determines that the owner is entitled to limit liability, in the limitation action the district court determines liability of the owner and the damages of each claimant and allocates to all claimants *pro rata* the limited funds. Fed. R. Civ. P. Supp. R. F(8).

Only if and when limitation is denied by the district court are the claimants released to prosecute their claims either through a continuation of the limitation proceeding or, as the stays of other proceedings against the owner are lifted, they may prosecute their claims in the original or additional new actions in state or federal courts, or, if appropriate, foreign forums. See, *e.g.*, Kreta Shipping S.A. v. Preussag International Steel Corp., 192 F.3d 41, 1999 AMC 2859 (2d Cir. 1999).

## CONCLUSION

For the reasons stated herein above, and for the sake of judicial economy, the motion to remove should be denied.

Dated: New York, New York
       July 7, 2008

                                      Bennett, Giuliano, McDonnell & Perrone, LLP
                                      Attorneys for Defendants
                                      PICCININNI, INC. and PETER PICCININNI

                                      _____
                                      William R. Bennett, III
                                      494 Eighth Avenue, 7th Floor
                                      New York, New York 10001
                                      Telephone:   (646) 328-0120

**TO:**   Anthony J. Cugini, Jr.
        Anthony J. Cugini, Jr., Esq., P.C.
        Attorneys for Plaintiff
        201 W. 91st Street

New York, NY 10024

Z:\Casework\D Cases\D829 Piccininni\Pleadings\MOL-070108.doc